## HERNANDEZ v. SAN ANTONIO PUBLIC SERVICE CO. (No. 7811.)[*]

Court of Civil Appeals of Texas. San Antonio. June 29, 1927.

Rehearing Denied July 16, 1927.

1. Infants ⬪107—Where rights of minors are fully protected, judgment rendered in accordance with settlement by next friend is binding upon minor (Rev. St. 1925, art. 1994).

Where it is shown that compromise and settlement by next friend, in which rights of minors are involved, fully protects rights of minors, and adjustment is fair and will be to their best interest, and Rev. St. 1925, art. 1994, has been complied with, judgment rendered in accordance with settlement is binding upon minor.

2. Infants ⬪110—Court did not abuse discretion in refusing to vacate judgment on settlement by next friend for minor's injuries, no unfairness being shown (Rev. St. 1925, art. 1994).

Under Rev. St. 1925, art. 1994, relating to those appearing by next friend, court's refusal to vacate judgment rendered in accordance with compromise and settlement of claim for injuries to minor, which was entered into for minor by next friend, where there was no showing of unfairness of settlement, held not abuse of discretion.

Appeal from Bexar County Court, at Law; McCollom Burnett, Judge.

Suit by Louis Hernandez, by Mrs. Julia C. Hernandez, his next friend, against the San Antonio Public Service Company. Judgment was rendered for plaintiff on a compromise and settlement, and plaintiff moves to vacate judgment, and for new trial. From an order overruling the motion, plaintiff appeals. Affirmed.

Davis & Wright, of San Antonio, for appellant.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellee.

SMITH, J. Three minor children of Mrs. Julia C. Hernandez, a widow, were injured in a collision between a motor truck in which they were riding, and a street car owned and operated by the San Antonio Public Service Company, appellee herein. Suit was brought against appellee by Mrs. Hernandez for herself and as next friend of the minor children to recover damages sustained through injuries received by them in the accident.

Upon the filing of suit Mrs. Hernandez, as next friend, entered into an agreement with appellee to settle and compromise the suit as to one of the minors, Louis Hernandez, for the sum of $200. Under the provisions of article 1994, R. S. 1925, the matter of compromise was presented to the trial court, who heard evidence thereon, found the settlement to be fair and just and to the best interest of the minor, approved the settlement, and rendered judgment accordingly. The defendant paid the money into the registry of the court, and Mrs. Hernandez, having made bond in compliance with the statute, took possession of the money. The entire proceeding appears, both from the record and the evidence upon a reopening of the case, to have been regular and in faithful compliance with the statutes in such cases. Article 1994.

Subsequently, but at the same term of court at which the compromise judgment was rendered, Mrs. Hernandez, still acting as next friend of her son, Louis, filed a motion to set aside and vacate the judgment, and for new trial, upon the grounds that the settlement agreement and judgment based thereon were procured by the fraud of appellee, and that the damages awarded Louis Hernandez were inadequate. This motion was submitted, and full evidence was heard by the court, both upon the merits of the case as well as upon the issue of fraud; and the court, after consideration, overruled the motion. From the order thereon Hernandez has appealed.

[1] Settlements and compromises entered into in good faith to avoid continued litigation are, and ought to be, favored by the courts, even in cases of this character, where minors are parties and act through their next friend. The Legislature, in order to render such settlements possible, and to facilitate and make them binding upon the minors, enacted the statute under which this litigation was disposed of. Article 1994. We think in cases of this character, where the rights of minors are involved, the transaction should be scrutinized with great care and caution by the trial court, who, before approving the settlement, should fully satisfy himself that the rights of the minor are fully protected, and that the adjustment is fair and just to him and will be to his best interest. But when this is shown to have been done, and the statute is shown to have been complied with, then the judgment rendered by the trial court in response to such showing will be regarded as binding upon the minor, and must be upheld and enforced, as in any other case.

[2] In this case the evidence upon the original hearing as to the fairness of the settlement was not as full and searching as it should have been; it was inadequate as to the nature or extent of the injuries received by the minor children in the accident, and was silent upon the question of liability. But upon the motion to vacate and for new trial the evidence was full and apparently complete. In fact, appellant offered no evidence to sustain his motion, although expressly urged thereto by the trial court;

but upon his default appellee presented rather full evidence upon all phases of the case in general, as well as of the motion in particular. The trial court, upon this evidence, overruled the motion, and we cannot say he abused his discretion in doing so.

The judgment is affirmed.